[2 NYS3d 204]

In the Matter of PAUL ARCHER, an Attorney, Respondent. GRIEV-
ANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Peti-
tioner.

Second Department, January 28, 2015

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Matthew Lee-Renert* of
counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The instant application is predicated upon an opinion of the Supreme Court of South Carolina, filed June 13, 2012 (398 SC 145 [2012]), which publicly reprimanded the respondent. The respondent's public reprimand emanated from a consent agreement entered into between the South Carolina Office of Disciplinary Counsel and the respondent. In the agreement, the respondent admitted to misconduct, and consented to the imposition of a public reprimand. The respondent further agreed to return a fee he collected from the Commission on Indigent Defense, and to complete the Legal Ethics and Practice Program Ethics School within one year of the imposition of a sanction. The facts, as set forth in the agreement, are as follows:

The respondent was appointed to represent the complainant in a post-conviction relief (hereinafter PCR) action. After reviewing the complainant's file, the respondent determined that the complainant had a "good case." The respondent wrote to the complainant, advising him that he had a "good case," and that "good cases [are] rare." The respondent requested that the complainant have a friend or family member contact him to pay for a prison visit, which was necessary to prepare the complainant's testimony, and that the respondent had received notice that indigent funds were, at that time, unavailable to pay attorneys appointed in PCR cases. Soon thereafter, the respondent received a payment from the complainant's family. In total, the respondent charged, and received, the sum of $3,500 from the complainant's family, $2,000 of which was specifically for a prison visit. The complainant prevailed before the circuit court. By the time the circuit court ruled, indigent funding was available, and the respondent submitted a voucher to the Commission on Indigent Defense indicating that he had performed services in the amount of $1,680 on the complainant's case. The respondent waived receipt of $680, agreeing to accept the $1,000 statutory maximum fee a court-appointed attorney can collect in a PCR action without court approval. The voucher, which the respondent submitted, requires attorneys to report any funds they received on the client's behalf. The respondent failed to note any of the funds he received from the complainant's family. He received $1,000 in indigent funds as payment for his work on the complainant's case.

The respondent admitted that, by his conduct, he violated the following rules of the South Carolina Rules of Professional

Conduct (rule 407 South Carolina Appellate Ct Rules): rule 1.5 (a) (a lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses) and rule 8.4 (d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation) and (e) (it is professional misconduct for a lawyer to engage in conduct which is prejudicial to the administration of justice). The respondent further admitted that he violated the following South Carolina Rules for Lawyer Disciplinary Enforcement (rule 413 South Carolina Appellate Ct Rules): rule 7 (a) (1) (it shall be grounds for discipline for a lawyer to violate the Rules of Professional Conduct) and (5) (it shall be grounds for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or bring the courts or the legal profession into disrepute, or engage in conduct demonstrating an unfitness to practice law).

A notice pursuant to 22 NYCRR 691.3 was served upon the respondent, by mail, on August 19, 2014, informing him of his right, within 20 days of service of the notice, to file a verified statement setting forth any of the defenses to the imposition of discipline enumerated in 22 NYCRR 691.3 (c) and a written demand for a hearing. The notice also advised the respondent that, in default of such filing, this Court will impose such discipline or take such disciplinary action as it deems appropriate (see 22 NYCRR 691.3 [b]).

Inasmuch as the respondent has failed to set forth any of the defenses to the imposition of discipline enumerated in 22 NYCRR 691.3 (c) or request a hearing pursuant to 22 NYCRR 691.3 (d), there is no impediment to the imposition of reciprocal discipline.

Accordingly, the application of the Grievance Committee for the Ninth Judicial District to impose reciprocal discipline pursuant to 22 NYCRR 691.3 is granted. Under the totality of the circumstances, the respondent is publicly censured in New York.

ENG, P.J., MASTRO, RIVERA, SKELOS and BALKIN, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline pursuant to 22 NYCRR 691.3 is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Paul Archer, is publicly censured in New York.